# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| HOLLY BAKER,<br>    Plaintiff, | Case No. 1:19-cv-00124<br>Cole, J.<br>Litkovitz, M.J. |
| vs. | |
| UNITED STATES ATTORNEY, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

The Social Security Administration (SSA) issues a Social Security number (SSN) upon application by a citizen, qualified alien, or parent on behalf of a qualified child. *See generally* 20 C.F.R. §§ 422.101 to 422.112. "The issuance of an SSN results in the creation of (1) a record at the SSA of that person's earnings for purposes of determining the old-age, survivors, and disability insurance and other benefits that the person may be entitled to, and (2) a unique numerical identifier for the individual for use by a variety of governmental and private entities." *Davis v. Comm'r*, No. 12859-98, 2000 WL 924630 (U.S. Tax Court July 10, 2000) (citations omitted). Plaintiff Holly Baker was issued a Social Security number that, unfortunately, was also assigned to another individual on two occasions resulting in numerous problems with other governmental and private agencies. Ms. Baker brings this pro se action against the United States Attorney for the Southern District of Ohio, the United States Attorney General, and the General Counsel of the Social Security Administration seeking monetary and injunctive relief. (Doc. 3). This matter is before the Court on the motion to dismiss the complaint brought by Andrew Saul, the Commissioner of Social Security and real party in interest (Doc. 13), Ms. Baker's response to

the motion to dismiss (Doc. 23), and the defendant's notice of correction (Doc. 25).[1]

As an initial matter, it appears from Ms. Baker's pro se complaint that she has confused the individuals upon whom service should be made – the United States Attorney for the Southern District of Ohio, the Attorney General, and the General Counsel of the Social Security Administration – with the proper defendant in this case. She has not identified any specific action taken by the named defendants to violate her rights. Rather, she takes issue with actions of the Social Security Administration in its issuance of Social Security numbers. Accordingly, the named defendants should be dismissed, and this action should be re-titled in the name of the agency head, Andrew Saul, the Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d) (providing that a public officer's successor is automatically substituted as a party).

**I. Defendant's motion to dismiss**

Defendant moves to dismiss the complaint based on lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). In determining a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of proving jurisdiction in order to survive a motion to dismiss on grounds of lack of subject matter jurisdiction. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003); *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002); *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). A motion can present a facial or factual challenge to the court's subject matter jurisdiction under Rule 12(b)(1). *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (citations omitted). A facial attack on the Court's subject matter jurisdiction alleged in the complaint "merely questions the sufficiency of the pleading." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). When resolving a

---

[1] The Court granted Ms. Baker an extension of time until March 26, 2020, to file a response to defendant's notice of correction. To date, Ms. Baker has not filed a response.

facial challenge, the Court accepts the factual allegations of the complaint as true and construes the complaint in a light most favorable to the non-moving party. *United States v. A.D. Roe Co., Inc.*, 186 F.3d 717, 721-22 (6th Cir. 1999). If the motion presents a factual challenge, the Court may consider evidence outside the pleadings to determine if jurisdiction exists. *See Nichols*, 318 F.3d at 677. Further, there is no presumption of truthfulness in favor of the non-moving party. *A.D. Roe Co., Inc.*, 186 F.3d at 722.

In this case, the motion to dismiss for lack of subject matter jurisdiction asserts a factual attack because defendant contends the Social Security Administration has no mandatory (i.e., non-discretionary) duty to grant the relief Ms. Baker seeks, and the government has not waived its sovereign immunity for the particular claim asserted by Ms. Baker. *See Banks v. United States*, No. 1:08-cv-849, 2009 WL 805143, *4 (N.D. Ohio Mar. 27, 2009) (citing *McKinley v. United States*, No. 2:90-cv-848, 1991 WL 80848, *1 (S.D. Ohio Mar. 27, 1991)). *See also Salaam El v. City of Dearborn*, No. 09-12136, 2010 WL 582773, at *6 (E.D. Mich. Feb. 18, 2010). "In resolving the factual conflict to determine whether jurisdiction exists, the court has broad discretion to consider affidavits and documents outside the pleadings in ruling on the motion under Rule 12(b)(1) without converting the motion into one for summary judgment." *Hatcher v. United States*, 855 F. Supp. 2d 728, 731 (E.D. Tenn. 2012), *aff'd*, 512 F. App'x 527 (6th Cir. 2013) (citing *Kroll v. United States*, 58 F.3d 1087, 1092 n.9 (6th Cir. 1995); *Dyer v. United States*, 96 F. Supp. 2d 725, 727-28 (E.D. Tenn. 2000); *Cooley v. United States*, 791 F. Supp. 1294, 1298 (E.D. Tenn. 1992), *aff'd sub nom. Myers v. United States*, 17 F.3d 890 (6th Cir. 1994)). Therefore, the Court will consider Ms. Baker's allegations in her complaint and the affidavit and supplemental information provided by defendant.

## II. Facts

Ms. Baker alleges that the Social Security Administration (SSA) issued her an SSN that was also issued to another individual. In 2006, she discovered that another person had the same SSN, resulting in unjustified "warrants" and bills addressed to Ms. Baker. That same year, she applied for and received a new SSN. However, the new SSN was again subsequently associated with the other individual, resulting in additional problems for Ms. Baker. In October 2014, Ms. Baker obtained a third SSN and was advised that a federal investigation was open concerning the use of the previous SSN by another individual. Ms. Baker alleges she is "having more issues with the 3rd number and Social Security seems to not want to help at all." (Doc. 3 at 3). As relief, Ms. Baker requests the Court "to completely fix the issue with [her] Social Security number" and to compensate her for "the rejection, humiliation, and misjudgments" against her. (*Id.* at 4).

In support of the motion to dismiss, defendant presents the declaration of Kimberly Johnson, Program Expert, Center for Disability and Program Support, Social Security Administration, who analyzed the SSN issues related to Ms. Baker (Doc. 13, Ex. A), and the declaration of Natasha T. McKay, Social Insurance Specialist, Office of Earnings, Enumeration, and Medicare Policy (Doc. 25-1). Ms. Johnson's declaration states that Ms. Baker and another individual with the identical name were born in the same month in 1985 in different states. (Doc. 13, Ex. A, ¶ 6(a), (b)). An SSN was issued to the other individual. (Doc. 25-1, ¶ 3(c)). When someone subsequently applied for an SSN on Ms. Baker's behalf, Ms. Baker was mistakenly associated with the other individual's SSN and issued a replacement SSN card instead of an original SSN. (Doc. 25-1, ¶ 3(d)).

On February 15, 2006, Ms. Baker requested a replacement SSN card. While processing that request, SSA determined that an error had occurred at the time it issued the replacement card with the other individual's SSN. Social Security records indicate that the first SSN was "assigned previously to another Holly Elizabeth Baker." (*Id*., ¶ 3(g)). As a result, SSA issued an original SSN to Ms. Baker. SSA then removed past transactions associated with Ms. Baker from the corresponding file based on the mistaken association and associated those transactions with Ms. Baker's newly issued SSN. (*Id*., ¶ 3(h), (i)).

In March 2006, the other individual applied for and was issued a new SSN. (*Id*., ¶ 3(f)).

In October 2014, Ms. Baker was issued a new SSN based on evidence showing fraudulent misuse of her original SSN. SSA records show that Field Office staff provided Ms. Baker a standardized handout advising her to discontinue use of any old SSNs and to use her new SSN instead. (*Id.*, ¶ 3(j)). Based on Ms. McKay's review of SSA records, she has identified one remaining record associated with the first SSN issued to the other individual, which includes Ms. Baker's personal information instead of the other individual's information. Ms. McKay states that SSA will disassociate that record from the SSN.

Ms. Johnson avers that based on her review of SSA's records, there is no evidence of any association between the other individual's current SSN and Ms. Baker's 2014 SSN in any records maintained by the Social Security Administration. (Doc. 13, Ex. A, ¶ 6(g), (l)). Ms. McKay states that she also is unaware of any other association between the other individual and Ms. Baker in any records maintained by SSA. (Doc. 25-1, ¶ 3(l)).

SSA has taken several steps to address the issues identified by Ms. Baker. First, SSA is providing Ms. Baker with a letter detailing the dual assignment of the former Social Security numbers and is offering to verify the authenticity of that letter – if Ms. Baker makes a specific

request – to third parties (such as data brokers, credit bureaus, and law enforcement agencies). The letter explains the history surrounding the association of the same SSN to Ms. Baker and the other individual and references this lawsuit. The letter states that SSA's Office of the General Counsel has offered to verify the authenticity of this letter upon receipt of a consent form (Form SSA-3288)[2] signed by Ms. Baker.

Second, SSA's processing center added "Special Indicator 9" to the record containing Ms. Baker's 2006 SSN. (Doc. 13, Ex. A, Johnson Decl. at ¶ 6(m)). Special Indicator 9 identifies the Social Security number originally assigned to an individual when a new, different number is assigned due to misuse of the original number and results in disadvantage to the individual. (*Id.*). Among other things, the presence of Special Indicator 9 prevents verification from occurring when an employer, State Department of Motor Vehicles, or certain other agencies electronically request verification of the Social Security number to which it has been applied. (*Id.*).

According to Ms. Johnson, SSA instructs its employees to advise individuals seeking a new Social Security number that: (a) SSA cannot control how other organizations use the individual's original Social Security number; (b) credit bureaus use the Social Security number in conjunction with other information (i.e., the individual's name, year of birth, address, and spouse's name) to identify a record; and (c) a credit bureau may combine the credit records from the old Social Security number with those from the new number. (*Id.*, ¶ 6(o)).

SSA also instructs its employees to assign a new Social Security number when the individual assigned that number provides evidence that (1) the number has been misused, and (2) the individual has experienced recent disadvantage resulting from the misuse. Misuse exists

---

[2] A copy of this form is attached to this Report and Recommendation.

6

when another person incorrectly or improperly used the Social Security number, and this incorrect or improper use is the cause of the problems experienced by the individual. Recent disadvantage exists when the misuse caused the individual economic or personal hardship within the past two years (although disadvantage that is more than two years old will be considered in some cases). For example, letters from businesses to the individual demanding payment for purchases or services the individual did not authorize will establish recent disadvantage. (*Id.*, ¶ 6(p)).

Thus, if the other individual attempted to use Ms. Baker's current Social Security number, and Ms. Baker could demonstrate that she had been disadvantaged by the misuse within the past two years, SSA policy would call for the local field office to issue a fourth Social Security number to Ms. Baker. (*Id.*, ¶ 6(q)).[3]

In response to the motion to dismiss, Ms. Baker reiterates the facts alleged in her complaint. However, Ms. Baker now states that "the only thing I ask for is compensation, because no one should have to go through what I did." (Doc. 23 at 4).

## III. Resolution

### A. Plaintiff's claim for money damages

In her memorandum in opposition to the motion to dismiss, plaintiff alleges the "only" relief she now seeks is compensatory damages. However, the Commissioner of Social Security is immune from claims for payment of money damages because the government has not waived its sovereign immunity.

---

[3] Counsel for the Social Security Administration represents that an SSA field office had previously referred this matter to SSA's Office of the Inspector General (OIG). Counsel states he also contacted the OIG regarding this matter. An OIG special agent advised that the facts of this case did not, in his opinion, establish a violation of criminal law because both the initial SSN and Ms. Baker's second SSN had actually been associated with the other individual by SSA at some point in time. Accordingly, the OIG did not open an investigation into this matter.

Ms. Baker's complaint against defendant Saul is in effect a suit against the United States as the relief sought would in fact operate against the United States. *See Hawaii v. Gordon*, 373 U.S. 57, 58 (1963); *Dugan v. Rank*, 372 U.S. 609, 620 (1963); *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002). It is well-settled that the United States is immune from suit except where such immunity has been waived by statute. *United States v. Shaw*, 309 U.S. 495, 500-01 (1940); *Blakely,* 276 F.3d at 870; *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 115 (6th Cir. 1988). Any waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *United States v. King*, 395 U.S. 1, 4 (1969); *Soriano v. United States*, 352 U.S. 270, 276 (1957). The Supreme Court has stated:

> A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign. *To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims.* A statute's legislative history cannot supply a waiver that does not appear clearly in any statutory text; "the 'unequivocal expression' of elimination of sovereign immunity that we insist upon is an expression in statutory text."

*Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted) (emphasis added). Absent an explicit waiver of sovereign immunity by statute, suits against the government or its agents must be dismissed. *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

The burden is on Ms. Baker to "identify a waiver of sovereign immunity in order to proceed against the United States. If [s]he cannot identify a waiver, the claim must be dismissed on jurisdictional grounds." *Reetz v. U.S.*, 224 F.3d 794, 795 (6th Cir. 2000) (citing *Dalehite v. United States*, 346 U.S. 15, 30 (1953)). Ms. Baker has not identified a specific statutory provision that unambiguously waives the government's sovereign immunity for money claims.

8

*Cf. Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988) (the Social Security Act "makes no provision for remedies in money damages against officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits); *Hines v. Irvington Counseling Center*, 933 F. Supp. 382 (D.N.J. 1996) (applying *Schweiker* and holding plaintiff could not sustain a suit for money damages against the Social Security Administration or its employees in their official or individual capacities). Therefore, the Court is without jurisdiction over Ms. Baker's claim for monetary damages under the circumstances of this case.

Although 42 U.S.C. § 405(g) contains a limited waiver of the SSA's sovereign immunity and specifically permits judicial review challenging final decisions of the SSA in connection with Social Security eligibility and benefits determinations, Ms. Baker does not challenge a final decision of the SSA "made after a hearing" in this case. *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975). Ms. Baker, who has the burden of showing subject matter jurisdiction, does not allege or show that she has received a final decision from the Commissioner through the administrative review process. Moreover, § 405(g) contains no waiver of the SSA's immunity from the monetary claim alleged by Ms. Baker in this action. To the contrary, 42 U.S.C. § 405(h) expressly provides that "no action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28." 42 U.S.C. § 405(h). *See Glenn v. Soc. Sec. Admin.*, 110 F. Supp. 3d 541, 542-43 (D. N.J. 2015) (even though the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, generally waives sovereign immunity for certain tort actions against United States, SSA cannot be sued directly under FTCA pursuant to 42 U.S.C. § 405(h)) (and cases cited therein). In the absence of a showing that sovereign immunity has been waived, the Court is without jurisdiction over Ms. Baker's claim for monetary relief.

9

### B. Claim for injunctive relief

As noted above, it appears Ms. Baker seeks solely monetary relief in this case. However, to the extent Ms. Baker's complaint requests that the Court "fix the issue with [her] Social Security number" and may be requesting a writ of mandamus to force a public official to perform a duty imposed upon him in his official capacity, no separate waiver of sovereign immunity is required. In a request for a writ of mandamus, the Court may take jurisdiction to determine if there is a clear duty owed to the plaintiff. *See Coal Operators and Associates, Inc. v. Babbitt,* 291 F.3d 912, 915 (6th Cir. 2002). However, mandamus is proper only where the defendant owes the plaintiff a "clear nondiscretionary duty" that it has failed to perform. *See Your Home Visiting Nurse Services, Inc. v. Sec'y of HHS*, 132 F.3d 1135 (6th Cir.1997), *aff'd*, 525 U.S. 449 (1999) (citing *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).

Ms. Baker fails to establish that the Social Security Administration owed her a clear nondiscretionary duty under the circumstances of this case. In the event the other individual who had previously been assigned the same SSN as Ms. Baker attempted to misuse Ms. Baker's current (2014) SSN, Ms. Baker could seek the issuance of a fourth SSN from the local field office. (Doc. 13, Ex. A, ¶ 6(q)). Ms. Baker has not alleged that she has requested and been denied a fourth SSN. In addition, SSA cannot control how other organizations, credit bureaus, or agencies use an individual's SSN. (*Id.*, ¶ 6(o)). Mandamus is not available to require the SSA to resolve Ms. Baker's concerns with third-party use of her SSN. Ms. Baker has identified no law or regulation imposing a clear nondiscretionary duty on SSA to correct errors associated with her previous SSN. Therefore, Ms. Baker is not entitled to a writ of mandamus against defendant to "fix" the previous issues she encountered.

As much as it sympathizes with Ms. Baker's predicament, this Court is limited to resolving claims over which it has federal subject matter jurisdiction. Because Ms. Baker has failed to establish such jurisdiction, the motion to dismiss should be granted.

**IT IS THEREFORE RECOMMENDED:**

1. The named defendants should be dismissed, and this action should be re-titled in the name of the agency head, Andrew Saul, the Commissioner of Social Security.

2. Defendant Saul's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 13) should be **GRANTED**.

3. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 3/31/20   *s/Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

HOLLY BAKER,  
    Plaintiff,

Case No. 1:19-cv-00124  
Cole, J.  
Litkovitz, M.J.

vs.

UNITED STATES ATTORNEY, et al.,  
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).

Social Security Administration  
**Consent for Release of Information**

Form Approved  
OMB No. 0960-0566

You must complete all required fields. We will not honor your request unless all required fields are completed. (*Signifies a required field. **Please complete these fields in case we need to contact you about the consent form).

**TO: Social Security Administration**

| *My Full Name | *My Date of Birth (MM/DD/YYYY) | *My Social Security Number |
|---|---|---|

I authorize the Social Security Administration to release information or records about me to:

**\*NAME OF PERSON OR ORGANIZATION:**          **\*ADDRESS OF PERSON OR ORGANIZATION:**

**\*I want this information released because:** _____
We may charge a fee to release information for non-program purposes.

**\*Please release the following information selected from the list below:**
Check at least one box. We will not disclose records unless you include date ranges where applicable.

1. ☐ Verification of Social Security Number
2. ☐ Current monthly Social Security benefit amount
3. ☐ Current monthly Supplemental Security Income payment amount
4. ☐ My benefit or payment amounts from date _____ to date _____
5. ☐ My Medicare entitlement from date _____ to date _____
6. ☐ Medical records from my claims folder(s) from date _____ to date _____
   If you want us to release a minor child's medical records, do not use this form. Instead, contact your local Social Security office.
7. ☐ Complete medical records from my claims folder(s)
8. ☐ Other record(s) from my file (We will not honor a request for "any and all records" or "the entire file." You must specify other records; e.g., consultative exams, award/denial notices, benefit applications, appeals, questionnaires, doctor reports, determinations.)

I am the individual, to whom the requested information or record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury (28 CFR § 16.41(d)(2004) that I have examined all the information on this form and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that I must pay all applicable fees for requesting information for a non-program-related purpose.

**\*Signature:** _____          **\*Date:** _____

**\*\*Address:** _____          **\*\*Daytime Phone:** _____

Relationship (if not the subject of the record): _____    **\*\*Daytime Phone:** _____

Witnesses must sign this form ONLY if the above signature is by mark (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1. Signature of witness | 2. Signature of witness |
|---|---|
| Address(Number and street,City,State, and Zip Code) | Address(Number and street,City,State, and Zip Code) |

Form SSA-3288 (11-2016) uf

Social Security Administration  
**Consent for Release of Information**

Form Approved  
OMB No. 0960-0566

### Instructions for Using this Form
Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company). If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor child, you may complete this form to release only the minor's non-medical records. We may charge a fee for providing information unrelated to the administration of a program under the Social Security Act.

**NOTE:** Do not use this form to:

- Request the release of medical records on behalf of a minor child. Instead, visit your local Social Security office or call our toll-free number, 1-800-772-1213 (TTY-1-800-325-0778), or
- Request detailed information about your earnings or employment history. Instead, complete and mail form SSA-7050-F4. You can obtain form SSA-7050-F4 from your local Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.

### How to Complete this Form
We will not honor this form unless all required fields are completed. An asterisk (*) indicates a required field. Also, we will not honor blanket requests for "any and all records" or the "entire file." You must specify the information you are requesting and you must sign and date this form. We may charge a fee to release information for non-program purposes.

- Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the requested information pertains.
- Fill in the name and address of the person or organization where you want us to send the requested information.
- Specify the reason you want us to release the information.
- Check the box next to the type(s) of information you want us to release including the date ranges, where applicable.
- For non-medical information, you, the parent or the legal guardian acting on behalf of a minor child or legally incompetent adult, must sign and date this form and provide a daytime phone number.
- If you are not the individual to whom the requested information pertains, state your relationship to that person. We may require proof of relationship.

### PRIVACY ACT STATEMENT
Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form. We will use the information you provide to respond to your request for access to the records we maintain about you or to process your request to release your records to a third party. You do not have to provide the requested information. Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent. We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, the Privacy Act (5 U.S.C. § 552a(b)) permits us to disclose the information you provide on this form in accordance with approved routine uses, which include but are not limited to the following:

1. To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and or coverage;
2. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level;
3. To comply with Federal laws requiring the disclosure of the information from our records; and,
4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer. Computer matching programs compare our records with those of other Federal, State, or local government agencies. We use information from these matching programs to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of incorrect payments or overpayments under these programs. Additional information regarding this form, routine uses of information, and other Social Security programs is available on our Internet website, www.socialsecurity.gov, or at your local Social Security office.

### PAPERWORK REDUCTION ACT STATEMENT
This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. **SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at www.socialsecurity.gov. Offices are also listed under U.S. Government agencies in your telephone directory or you may call 1-800-772-1213 (TYY 1-800-325-0778).** You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. *Send only comments relating to our time estimate to this address, not the completed form.*

Form SSA-3288 (11-2016) uf  
Destroy Prior Editions